Yeiser, Appellant, v. Hornberger et ux.

454

Argued May 2, 1930. 

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*R. S. Hemingway,* and with him *R. R. John,* for appellant.

*H. Mont Smith,* for appellees.

Opinion by Keller, J., July 21, 1930:

Plaintiff owns a lot of land situate at the southeast corner of Ferry Street and Library Alley, in the Borough of Danville, Pa., fronting fifty feet on the east side of Ferry Street and extending eastward along Library Alley, one hundred feet. Two dwelling houses facing on Ferry Street are on it.

Defendants own an L shaped lot of land, with a dwelling thereon erected, fronting on the north side of Market Street sixty feet, and extending in depth, about one hundred feet on the west side, to plaintiff's lot aforesaid, and one hundred and fifty-one and a half feet on the east side, to Library Alley, which it bounds for twenty and a half feet. The rear line of plaintiff's lot forms the west boundary of that part of defendants' lot which extends to Library Alley.

Defendants started to build a garage on the rear of their lot facing Library Alley and as a preliminary measure tore down a frame coal house, located on their own land, and about twenty-two feet of wooden fence standing between their property and plaintiff's land.

Plaintiff, alleging that the concrete foundations of the garage encroached on her land—eight inches at the northern and four inches at the southern end—filed this bill to restrain the encroachment, and secured a preliminary injunction. Defendant formally waived the right to question the jurisdiction of the court, *in limine*, under the Act of June 7, 1907, P. L. 440.

After final hearing the court dissolved the preliminary injunction and dismissed the bill.

We do not think the establishment of the plaintiff's rear line was at all dependent on her convincing the chancellor that the dwelling houses erected on her lot encroach on Ferry Street eighteen inches, or that such a finding was necessary for the plaintiff's case. Were it so, we should agree with the defendants that the proof is lacking. The evidence fails to show that the Borough of Danville ever adopted a line eighteen inches east of the plaintiff's present house line as the east line of Ferry Street; or that the width of Ferry Street was ever officially fixed at sixty feet; or that the present building line of the Y. M. C. A. building on the west side of Ferry Street was ever formally declared

by the borough authorities to be the west line of Ferry Street; and this being so, there was no warrant for holding that the east property line of Ferry Street, on which houses have been built for over sixty years, could be established by taking as a base a building erected on the west side of Ferry Street many years afterwards.

All that the plaintiff was required to do was to establish two things: (1) That the west wall of the coal house and the wooden fence attached thereto and leading therefrom southwardly to a post at the southeast corner of her lot, constituted the boundary line between the rear of her lot and the defendants' land; and (2) that the foundation wall of defendants' garage extended over this line.

The court below found that the west wall of the coal house and the fence leading from it to the center of the post aforesaid, was the boundary line between the two properties, thereby establishing that the sixteen feet, or more, of fence not torn down and yet standing on the ground is located on the dividing line between their properties. There is abundant evidence in the record to support a finding that for forty years and upwards this line was recognized as the boundary line between them and their respective predecessors in title. This would govern over the distances called for in the deeds. But the court also found that the garage foundation did not extend over this line, and there is evidence to support this finding too. One of plaintiff's witnesses (Charles Smull) testified in chief that in his judgment there was no encroachment at the southern end of the garage, and defendants' surveyor, Trescott, swore positively that the wooden sill which formed the foundation of the coal house (the northern end of the garage) extended at least two inches west of the foundation wall of the garage.

There are, it is true, some inconsistencies in the testimony. The court below was not bound to adopt the theory of either plaintiff's surveyor or defendants' surveyor. He could, and did, make findings of fact that did not wholly agree with either surveyor. Had we been the triers of the facts we might not have made precisely the same findings, but that is not important. There was evidence to support the court's findings and in consequence we may not disturb them. They have the force and effect of the verdict of a jury. They establish what was the boundary line between the properties and decide that the defendants' garage does not extend over that line, and they also establish that the fence yet standing is on the boundary line between the plaintiff's and defendants' lands.

The rulings of the court complained of in the first and second assignments of error are not in harmony with its findings of fact, and are opposed to the evidence. These assignments are sustained; they do not affect the main question or require a reversal of the decree. The remaining assignments are overruled and the decree is affirmed at the costs of the appellant.